James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
Mitchell J. Murray (SBN 285691)
Nicholas W. Schieffelin (SBN 302329)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
james@jameshawkinsaplc.com
christina@jameshawkinsaplc.com
mitchell@jameshawkinsaplc.com
nick@jameshawkinsaplc.com

Attorneys for Plaintiff EVA VOLLERA, individually, and on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA VOLLERA, individually, and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV-24-10465-AGR<br><br>Assigned to: Judge Alicia G. Rosenberg<br><br>**<u>FIRST AMENDED COMPLAINT</u>**<br><br>**1) Failure to Pay Minimum Wages**<br><br>**2) Failure to Furnish Accurate Itemized Wage Statements**<br><br>**3) Violation of the Unfair Competition Law**<br><br>**4) Failure to Timely Pay Wages Owed Upon Separation From Employment**<br><br>Complaint Filed: September 12, 2024<br>Removal: December 4, 2024 |

COMES NOW, Plaintiff EVA VOLLERA ("Plaintiff"), individually and on behalf of others similarly situated, and asserts claims against Defendant UNITED AIRLINES, INC. ("Defendant"); and DOES 1-50, inclusive as follows:

## INTRODUCTION

1. This is a Class Action, pursuant to California Code of Civil Procedure section 382 and Federal Rule of Civil Procedure 23. The putative class is defined as any and all persons who are or were employed by Defendant, either directly or indirectly, in the State of California ("Class Members" or "Non-Exempt Employees"). The relevant time period for all claims is September 12, 2020 to the trial or resolution of this action.

2. During the "liability period," as defined as the applicable statute of limitations for each and every cause of action contained herein – i.e. Plaintiff's claims under the Unfair Competition Law is four (4) years; Plaintiff's claims for either unpaid wages or actual damages is three (3) years; and Plaintiff's claims for statutory penalties is one (1) year from the filing of this action through the present (referred to as "the liability period(s)") – Defendant consistently maintained and enforced against its Non-Exempt Employees unlawful practices and policies in violation of California state wage and hour laws, including failing to lawfully and accurately pay Plaintiff and Class Members for all hours worked, including minimum wages and failing to provide accurate itemized wage statements.

3. Defendant implemented uniform policies and practices that deprived

Plaintiff and Class Members of earned minimum wages.

4. Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code. Plaintiff, on behalf of herself and all Class Members, brings this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, penalties, liquidated damages, and reasonable attorneys' fees and costs.

5. Plaintiff, on behalf of herself and others similarly situated, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendant for their failure to pay to Plaintiff and Class Members all of their wages.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's complaint, as Defendant has removed this action to the Central District of California on the basis of the Class Action Fairness Act of 2005 ("CAFA").

7. Venue is proper because Plaintiff's state court action was commenced in the Superior Court of the State of California for the County of Los Angeles and, pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a) may be removed to this United States District Court for the Central District of California.

## PARTIES

8. Defendant United Airlines, Inc., a Delaware corporation, is doing

business in the state of California. Defendant's headquarters are located at 233 S. Wacker Drive, Chicago, IL 60606.

9. Plaintiff Eva Vollera is, and during the liability period has been, a resident of California.

10. Plaintiff was employed as a flight attendant by Defendant during the relevant time period.

11. Plaintiff brings claims on behalf of a Non-Exempt Employee class consisting of flight attendants, mechanics, customer service representatives, fleet service employees, and other hourly, non-exempt employees employed by Defendant either directly or indirectly, in the State of California at any time from September 12, 2020 to the trial or resolution of this action.

12. Whenever in this Complaint reference is made to any act, deed, or conduct of Defendant, the allegation means that Defendant engaged in the act, deed, or conduct by or through one or more of Defendant's officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendant.

13. The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants

designated hereinafter as DOES when such identities become known.

14. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

15. Plaintiff is further informed and believes, and thereon alleges, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **FACTUAL ALLEGATIONS**

16. During the relevant time frame, Defendant compensated Plaintiff and the Class Members based upon an hourly wage.

17. Plaintiff and the Class Members were, and at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. They are subject to the protections of the IWC Wage Orders and the Labor Code.

18. Plaintiff worked for Defendant in an hourly, non-exempt position, from August 2006 to May 2024. Specifically, she was employed in the position of Flight Attendant. She usually worked approximately 4 to 6 days per week and 13 to 15 hours plus per day.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

**Class Scope and Uniform Screening Policies**

20. All Class Members are similarly situated in that they are all subject to Defendant's uniform policies and systemic practices as specified herein.

21. In early 2020, the COVID-19 pandemic spread throughout the world.

22. Beginning no later than March 2020 and continuing through 2022 or early 2023, Defendant implemented comprehensive, company-wide COVID measures, including mandatory pre-shift temperature screenings and related health questionnaires.

23. Defendant publicly represented to investors and the public that it was

conducting temperature checks before employees began work at all U.S. airports and offering testing to employees, confirming a system-wide policy.

24. Defendant required all non-exempt employees to complete pre-shift screening off the clock as a condition of commencing duty, including but not limited to: waiting in screening lines, answering health questionnaires, and undergoing temperature checks at designated locations. These requirements applied to flight attendants, mechanics, customer service representatives, and fleet service employees alike.

25. In California, Defendant rolled out mandatory temperature checks for all employees on a staggered basis, including LAX on or about April 28, 2020 and SFO on or about May 6, 2020, and subsequently at SAN and other California stations by mid-2020, consistent with its company-wide policy.

26. Defendant's chosen screening points were not co-located with employee timeclocks, crew check-in desks, or many work areas, requiring employees to travel out of their way and spend additional uncompensated time to comply.

27. For flight attendants, scanning a badge at a temperature checkpoint did not mark the start of paid time; they were still required to proceed to the departure gate to check in and begin their duty.

28. Defendant's screening methods included non-contact infrared thermometers, employee self-testing with management verification, and thermal-

camera kiosks that recorded temperature status. If an initial reading exceeded 100F, employees were required to wait 10 minutes and be retested; a second elevated reading resulted in removal from duty and loss of pay or forced use of leave. Refusal to submit to screening resulted in immediate removal from duty without pay.

29. Plaintiff Vollera personally experienced 30+ minutes per duty day of pre-shift screenings – temperature checks and health questions, plus queuing and transit -off the clock.

30. The time spent completing Defendant's required screening/testing, including queuing, traveling to/from designated screening sites, and waiting for retests, was time under Defendant's control and therefore "hours worked" under California law. Defendant failed to pay at least minimum wages (and any applicable premiums) for this time to all affected non-exempt employees.

**International Travel**

31. In addition to the general screening protocols, Defendant imposed more stringent requirements for international pairings. Flight attendants and other non-exempt employees assigned to international trips were required to obtain employer-directed COVID-19 tests, present negative results to management at designated airport stations before boarding, and complete destination-specific health attestations and documentation – all as a condition of flying.

32. These international testing requirements routinely required Class Members to arrive early, travel to approved testing locations, wait in line, undergo

testing, wait for results and, when necessary, re-testing or verification – not always time fully compensated for and/or on the clock. For certain routes, Defendant required employees to report to airport testing sites immediately prior to flying and prohibited them from commencing duty or boarding until testing was completed and documented.

33. In connection with international flights/assignments, Defendant imposed destination-specific quarantine/isolation rules that restricted Flight Attendants and other non-exempt employees to layover hotels or designated locations, often with no ability to leave or engage in personal activities, and required them to remain available for instructions. These quarantines frequently lasted 24-48 hours or longer, yet Defendant did not fully compensate employees for all such time under its control.

**Wage Statements and Class Impact**

34. Because Defendant failed to include unpaid screening, testing, transit to screening sites, and isolation time in paid hours, its wage statements to Class Members, including flight attendants, mechanics, customer service representatives, fleet service employees, and other hourly non-exempt workers, omitted total hours worked, hours at each applicable rate, and accurate gross/net pay, rendering the statements inaccurate and unlawful.

35. Defendant's policies and practices were uniform and systemic across job categories and California stations during the pandemic period, and are provable

by common evidence, including Defendant's public statements to investors, written station directives, screening logs and kiosk data, access-badge records, timekeeping data, and payroll records.

36. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff and Class Members for all wages owed including straight time, and that Defendant had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

37. Plaintiff and the Class Members are covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq*.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on her own behalf, as well as on behalf of each and every other person similarly situated, and thus, seeks class certification under California Code of Civil Procedure §382.

39. All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

40. The proposed class is comprised of and defined as: **all persons who are or were employed by the Defendant as hourly paid, non-exempt employees**

**in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter** (collectively "**Class**" or "**Class Members**").

41. Plaintiff also seeks to represent Subclasses included in the Plaintiffs' Class, which are composed of Class Members satisfying the following definitions:

a. All Class Members who were not paid at least minimum wage for all hours worked (collectively **"Minimum Wage Subclass**");

b. All Class Members who were not provided with accurate and complete itemized wage statements (hereinafter collectively referred to as the "**Inaccurate Wage Statement Subclass**");

c. All Class Members who were employed by Defendant and subject to Defendant's Unfair Business Practices (collectively "**Unfair Business Practices Subclass**");

d. All Class Members who were employed by Defendant in the role of flight attendants (collectively "**Flight Attendant Subclass**");

e. All Class Members who were employed by Defendant, in connection with international flights/assignments, were required to isolate and/or to complete employer-directed pre or post departure COVID-19 testing or related health screening and were not fully compensated for all such time under Defendant's control (collectively "**International Travel Subclass**");

f. All Class Members who did not receive all owed wages at time

of separation or within 72 hours in the case of resignation (hereinafter collectively referred to as the "**Waiting Time Subclass**");

42. Plaintiff reserves the right, under Rule 3.765, California Rules of Court, to amend or modify the descriptions of the Class and Subclasses to provide greater specificity as appropriate, or if it should be deemed necessary by the Court or to further divide the Class Members into additional Subclasses or to limit the Subclasses to particular issues. Any reference herein to the Class Members or the Plaintiffs' Class includes the members of each of the Subclasses.

43. As set forth in further detail below, this action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation, and the proposed Class and Subclasses are easily ascertainable through Defendant's records.

a. Numerosity: The members of the Class and Subclasses are so numerous that joinder of all members of the Class and Subclasses would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time, however, the Class is estimated to be hundreds of individuals. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendant's employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

b. The proposed class is easily ascertainable. The number and identity of the class members are determinable from Defendant's payroll records and time records for each class member.

c. Commonality: There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

1. Whether Defendant accurately paid Class Members for all hours worked;
2. Whether Defendant knew or should have known that Class Members were required to perform work off the clock;
3. Whether Defendant failed to provide accurate itemized wage statements in violation of Labor Code § 226;
4. Whether Defendant failed to timely pay all wages upon separation in accordance with Labor Code sections 201-202;
5. Whether Defendant engaged in unfair competition in violation of section 17200 et seq. of the Business and Professions Code;
6. Whether Defendant's conduct was willful and/or reckless; and
7. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violations of California law.

d. Typicality: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and Subclasses with whom they have a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclasses in separate actions. All members of the Class and/or Subclasses have been similarly harmed by Defendant's failure to pay minimum wages, failure to provide accurate wage statements, failure to accurately pay all wages earned, and failure to timely pay wages at separation, all due to Defendant's policies and practices that affected each member of the Class and/or Subclasses similarly. Further, Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Class and/or Subclasses.

e. Adequacy: Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclasses with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclasses, and no such relationships or conflicts are currently known to exist. Plaintiff's attorneys and the proposed counsel for the Class and Subclasses are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former

and current employees of Defendant may also serve as representatives of the Class and Subclasses if needed.

f. Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense, which would not be achieved with separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclasses, establishing incompatible standards of conduct for the Defendant, and resulting in the impairment of the rights of the members of the Class and/or Subclasses and the disposition of their interests through actions to which they were not parties. Thus, a class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices, including Defendant's failure to pay minimum wages, failure to provide accurate wage statements, and failure to timely pay at separation, that affected each member of the Class and/or Subclasses similarly. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for both

parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

g. Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. However, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear of retaliation or damage. Additionally, the citizens of California have a significant interest in ensuring employers comply with California's labor laws and in ensuring those employers who do not are prevented from taking further advantage of their employees.

**CLASS ACTION CLAIMS**

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(By Plaintiff and the Class Against Defendant)**

44. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

45. Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage,

straight time and overtime, in a timely fashion for their work.

46. Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

47. Labor Code section 1197 provides: The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

48. Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

49. The applicable wage orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

50. Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys’ fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest

accrued thereon.

51. During all relevant periods, the California Labor Code and wage orders required that Defendant fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

52. The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

53. At all times relevant, Plaintiff and Class Members consistently worked hours for which they were not paid for COVID testing prior to clocking in and/or in connection with international flights/assignments.

54. Plaintiff is informed and believes that Defendant was aware that Plaintiff and the Class Members were working off the clock and that they should have been paid for this time.

55. Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable Wage Orders, including 9-2001.

56. Due to Defendant's violations of the California Labor Code and wage orders, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

**SECOND CAUSE OF ACTION**

**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**

**(By Plaintiff and the Class Against Defendant)**

57. Plaintiff repeats and incorporate herein by reference each and every allegation set forth above, as though fully set forth herein.

58. Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

59. Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall

also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay….”

60. Labor Code section 1174 of the California also requires Defendant to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees. On information and belief and based thereon, Defendant has knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein. Defendant’s failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

61. Defendant has failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff and Class Members for all hours worked, or which failed to include compensation for all minimum wages, overtime, or double time earned, was an inaccurate wage statement.

62. In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff and Class Members have been, would have been, and are compelled to try to discover the required information missing from their wage statements and to perform complex calculations in light of the inaccuracies and

incompleteness of the wage statements Defendant provided to them.

63. As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendant did not and still do not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information. Here, Plaintiff asserts the Defendant omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates. In addition, Defendant has failed to provide accurate itemized wage statements as a consequence of the above-specified violations for failure to accurately pay all wages owed and accurately record all hours worked.

64. Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendant did not and do not maintain accurate records pertaining to the total hours worked for Defendant by the Class Members, including but not limited to, beginning and ending of each work period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

65. Plaintiff and the Class Members have suffered injury as a result of Defendant's failure to maintain accurate records for the Class Members in that they were not timely provided written accurate itemized statements showing all requisite information, such that the members of the Class Members were misled by Defendant

as to the correct information regarding various items, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

66. Pursuant to Labor Code section 226, and in light of Defendant's violations addressed above, Plaintiff and the Class Members are each entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**(By Plaintiff and Class Against All Defendant)**

67. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

68. Defendant's conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendant's competitors, and the general public. Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure section 1021.5.

69. Defendant's policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code sections 17200, *et seq*.

70. A violation of California Business and Professions Code sections 17200, *et seq*., may be predicated on the violation of any state or federal law.

71. The state law violations, including violations of the relevant IWC Wage Order, detailed herein above are the predicate violations for this cause of action. By way of example only, in the instant case Defendant violated the law through its policies of failing to fully and accurately compensate Plaintiff and the Class Members for all hours worked, including minimum wages, as specified above.

72. Plaintiff and the Class Members have been personally aggrieved by Defendant's unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

73. Pursuant to California Business and Professions Code sections 17200, *et seq*., Plaintiff and the Class Members are entitled to restitution of the wages withheld and retained by Defendant during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5; interest; and an award of costs.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION</u>**

**(By Plaintiff and the Class Against All Defendant)**

74. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

75. Labor Code §§ 201 and 202 require Defendant to pay its employees all

wages due within seventy-two (72) hours of separation of employment.

76. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

77. Plaintiff and Class Members are entitled to compensation for all forms of wages earned, including but not limited to minimum wages, but to date have not received such compensation, therefore entitling them to Labor Code § 203 penalties.

78. In addition, irrespective of any derivative violation, Defendant failed to timely pay Plaintiff and, upon information and belief, other Class Members earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

79. More than thirty (30) days have passed since affected Waiting Time Subclass Members have left Defendant's employ, and on information and belief, they have not received payment pursuant to Labor Code § 203.

80. Plaintiff and Waiting Time Subclass Members are thus entitled to 30 days' wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That Plaintiff be appointed as the representative of the Subclasses; and

4. That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

**On the First Cause of Action**

(Failure to pay minimum wages)

1. For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2. Penalties according to statute,

3. Liquidated damages,

4. Reasonable attorneys' fees, and costs of suit;

5. For interest and

6. For such other and further relief as the Court deems proper.

**On the Second Cause of Action**

(Failure to Provide Accurate Itemized Wage Statements)

1. For statutory penalties, including penalties pursuant to Labor Code section 226;

2. For reasonable attorneys' fees and costs; and

3. For such other and further relief as the Court deems proper;

**On the Third Cause of Action**

(Violation of the Unfair Competition Law)

1. That Defendant pays restitution and/or disgorgement of sums to Plaintiff and Class Members for the Defendant's past failure to pay minimum wages that were not provided to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

2. For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure section 1021.5 and Labor Code sections 1194, 1197, 1198;

3. For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4. For costs of suit incurred herein that Plaintiff and Class Members are entitled to recover under the Labor Code; and

5. For such other and further relief as the Court deems proper.

**On the Fourth Cause of Action**

(Failure to Timely Pay Wages at Separation)

1. For unpaid wages;

2. For penalties pursuant to Labor Code § 203;

3. For interest;

4. For reasonable attorneys' fees and costs pursuant to statute; and

For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of the Class and Subclasses, respectfully demands a jury trial in this matter to the fullest extent available under the law.

Respectfully submitted,

Dated: November 17, 2025

_*/c/ Christina M. Lucio*_____________________

JAMES HAWKINS, APLC
James R. Hawkins, Esq.
Christina M. Lucio, Esq.
Mitchell J. Murray, Esq.
Nicholas W. Schieffelin, Esq.

Attorneys for EVA VOLLERA, on behalf of herself and all others similarly situated

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2025 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: November 17, 2025

*/s/ James R, Hawkins*
James R. Hawkins