ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
KATY (YIN YEE) HO (S.B. #322042)
kho@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111-3823
Telephone: 415-984-8912
Facsimile: 415-984-8701

Attorneys for Defendant
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EVA VOLLERA, individually, and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:24-CV-10465<br><br>**DEFENDANT UNITED AIRLINES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant United Airlines, Inc. ("United" or "Defendant"), for itself alone and for no other defendant, hereby answers the First Amended Complaint (the "Complaint") of Plaintiff Eva Vollera ("Plaintiff") as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 1 except as follows: United admits that Plaintiff has filed this action against United and purports to bring this action on behalf of a putative class.

2. The allegations contained in Paragraph 2 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 2.

3. The allegations contained in Paragraph 3 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 3.

4. The allegations contained in Paragraph 4 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 4, except as follows: United admits that Plaintiff purports to bring this action on behalf of a putative class and seeks the relief described in Paragraph 4.

5. The allegations contained in Paragraph 5 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 5, except as follows: United admits that Plaintiff purports to seek the relief set forth in Paragraph 5.

## JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 6, except as follows: United admits that it removed this action to the Central District of California and that this Court has subject matter jurisdiction based on the Class Action Fairness Act of 2005.

7. The allegations contained in Paragraph 7 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 7, except as follows: United admits this action was properly removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

## PARTIES

8. The allegations contained in Paragraph 8 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United admits that it is incorporated in the state of Delaware, is doing business in the State of California, and that its headquarters are located at 233 S. Wacker Drive, Chicago, IL 60606.

9. United is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. The allegations contained in Paragraph 10 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 10, except as follows: United admits that Plaintiff Eva Vollera was employed as a flight attendant by United from September 21, 2006 to May 21, 2024.

11. The allegations contained in Paragraph 11 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 11.

12. The allegations contained in Paragraph 12 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 12.

13. The allegations contained in Paragraph 13 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 13, except as follows: United admits that Plaintiff has sued "DOES 1 through 50."

14. The allegations contained in Paragraph 14 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 14.

15. The allegations contained in Paragraph 15 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 15.

## FACTUAL ALLEGATIONS

16. The allegations contained in Paragraph 16 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 16.

17. The allegations contained in Paragraph 17 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a

responsive pleading is necessary, United denies each and every averment in Paragraph 17.

18. The allegations contained in Paragraph 18 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 18, except as follows: United admits that Plaintiff worked for United, as a flight attendant, from September 21, 2006 to May 21, 2024.

19. The allegations contained in Paragraph 19 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 19.

**Class Scope and Uniform Screening Policies**

20. The allegations contained in Paragraph 20 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 20.

21. The allegations contained in Paragraph 21 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 21, except as follows: United admits the COVID-19 pandemic spread throughout the world some time in 2020.

22. The allegations contained in Paragraph 22 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 22, except as follows: United admits that it implemented certain measures to comply with mandates from governmental entities and other third parties.

23. The allegations contained in Paragraph 23 of the Complaint state legal

conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 23, except as follows: United admits that it made public statements regarding the measures it was taking to comply with mandates from governmental entities and other third parties.

24. The allegations contained in Paragraph 24 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 24.

25. The allegations contained in Paragraph 25 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 25, except as follows: United admits that employee temperature screenings were implemented at LAX on or about April 28, 2020, and at SFO on or about May 6, 2020.

26. The allegations contained in Paragraph 26 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 26.

27. The allegations contained in Paragraph 27 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 27.

28. The allegations contained in Paragraph 28 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 28, except as follows: United admits that the implemented screening methods included non-contact infrared thermometers, employee self-testing with

management verification, and thermal-camera kiosks that recorded temperature status. United also admits that for a period of time, under its employee temperature screening protocols, if an employee's temperature measured was 100.0 degrees Fahrenheit or higher, the employee waited 10 minutes for a second temperature check.

29. The allegations contained in Paragraph 29 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 29.

30. The allegations contained in Paragraph 30 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 30.

**International Travel**

31. The allegations contained in Paragraph 31 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 31, except as follows: United admits that it implemented certain measures to comply with mandates from governmental entities and other third parties for certain international trips.

32. The allegations contained in Paragraph 32 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 32, except as follows: United admits that it implemented certain measures, including required pre-departure testing, to comply with mandates from governmental entities and other third parties for certain international trips.

33. The allegations contained in Paragraph 33 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a

responsive pleading is necessary, United denies each and every averment in Paragraph 33.

**Wage Statements ad Class Impact**

34. The allegations contained in Paragraph 34 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 34.

35. The allegations contained in Paragraph 35 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 35.

36. The allegations contained in Paragraph 36 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 36.

37. The allegations contained in Paragraph 37 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 37.

**CLASS ACTION ALLEGATIONS**

38. The allegations contained in Paragraph 38 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 38, except as follows: United admits that Plaintiff purports to seek class certification.

39. The allegations contained in Paragraph 39 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in

Paragraph 39, except as follows: United admits Plaintiff seeks the relief described in Paragraph 39.

40. The allegations contained in Paragraph 40 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 40, except as follows: United admits Plaintiff purports to bring this action as a class as described in Paragraph 40.

41. The allegations contained in Paragraph 41 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 41, except as follows: United admits Plaintiff purports to bring this action as a class action as described in Paragraph 41.

42. The allegations contained in Paragraph 42 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 42.

43. The allegations contained in Paragraph 43 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 43.

## CLASS ACTION CLAIMS

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff and the Class Against Defendant)**

44. Answering Paragraph 44 of the Complaint, United repeats and incorporates by reference each and every response set forth above, as though fully set forth herein in its response to Paragraph 44 of the Complaint.

45. The allegations contained in Paragraph 45 of the Complaint state legal

conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 45 and avers that Labor Code section 204 speaks for itself.

46. The allegations contained in Paragraph 46 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 46 and avers that Labor Code section 1194(a) speaks for itself.

47. The allegations contained in Paragraph 47 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 47 and avers that Labor Code section 1197 speaks for itself.

48. The allegations contained in Paragraph 48 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 48 and avers that Labor Code section 1198 and the IWC Wage Order(s) speak for themselves.

49. The allegations contained in Paragraph 49 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 49 and avers that the applicable wage orders and California Labor Code sections 1197 and 1182.12 speak for themselves.

50. The allegations contained in Paragraph 50 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 50 and avers that the applicable wage orders and California Labor Code sections 1194(a), 1194.2(a), and 1197 speak for themselves.

51. The allegations contained in Paragraph 51 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a

responsive pleading is necessary, United denies each and every allegation in Paragraph 51 and avers that the California Labor Code and wage orders speak for themselves.

52. The allegations contained in Paragraph 52 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 52 and avers that the IWC Wage Orders speak for themselves.

53. The allegations contained in Paragraph 53 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 53.

54. The allegations contained in Paragraph 54 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 54.

55. The allegations contained in Paragraph 55 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 55.

56. The allegations contained in Paragraph 56 of the Complaint, and all of its subparts, state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 56.

**SECOND CAUSE OF ACTION**

**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**

**(By Plaintiff and the Class Against Defendant)**

57. Answering Paragraph 57 of the Complaint, United repeats and

incorporates by reference each and every response set forth above, as though fully set forth herein in its response to Paragraph 57 of the Complaint.

58. The allegations contained in Paragraph 58 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 58 and avers that Labor Code 226(a) speaks for itself.

59. The allegations contained in Paragraph 59 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 59 and avers that the IWC Wage Orders speak for themselves.

60. The allegations contained in Paragraph 60 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 60 and avers that Labor Code sections 1174 and 1175 speak for themselves.

61. The allegations contained in Paragraph 61 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 61.

62. The allegations contained in Paragraph 62 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every averment in Paragraph 62.

63. The allegations contained in Paragraph 63 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 63.

64. The allegations contained in Paragraph 64 of the Complaint state legal

conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 64.

65. The allegations contained in Paragraph 65 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 65.

66. The allegations contained in Paragraph 66 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 66.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**(By Plaintiff and Class Against All Defendant)**

67. Answering Paragraph 67 of the Complaint, United repeats and incorporates by reference each and every response set forth above, as though fully set forth herein in its response to Paragraph 67 of the Complaint.

68. The allegations contained in Paragraph 68 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 68.

69. The allegations contained in Paragraph 69 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 69.

70. The allegations contained in Paragraph 70 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in

Paragraph 70 and avers that California Business and Professions Code sections 17200, *et seq.* speak for themselves.

71. The allegations contained in Paragraph 71 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 71.

72. The allegations contained in Paragraph 72 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 72.

73. The allegations contained in Paragraph 73 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 73.

**FOURTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION**

**(By Plaintiff and Class Against All Defendant)**

74. Answering Paragraph 74 of the Complaint, United repeats and incorporates by reference each and every response set forth above, as though fully set forth herein in its response to Paragraph 74 of the Complaint.

75. The allegations contained in Paragraph 75 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 75 and avers that Labor Code §§ 201 and 202 speak for themselves.

76. The allegations contained in Paragraph 76 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 76 and avers that Labor Code § 203 speaks for itself.

77. The allegations contained in Paragraph 77 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 77.

78. The allegations contained in Paragraph 78 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 78.

79. The allegations contained in Paragraph 79 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 79.

80. The allegations contained in Paragraph 80 of the Complaint state legal conclusions to which no responsive pleading is required, but to the extent a responsive pleading is necessary, United denies each and every allegation in Paragraph 80.

## PRAYER FOR RELIEF

To the extent any response is required to the Complaint's separately-denominated Prayer for Relief, United denies each and every averment contained in the Prayer for Relief, and all subparts thereof, and further denies that (a) Plaintiff or the alleged putative class members were damaged in the sum alleged or sums alleged or in any sum at all or (b) Plaintiff or the alleged putative class or alleged aggrieved employees are entitled to any recovery at all.

**AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFF ON BEHALF OF HERSELF, AND ON BEHALF OF THE PUTATIVE MEMBERS OF EACH PURPORTED CLASS AS SET FORTH IN THE COMPLAINT, DEFENDANT ALLEGES AS FOLLOWS:**

**FIRST AFFIRMATIVE DEFENSE**

Preemption

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because they are preempted by, *inter alia*, the Dormant Commerce Clause, Const. art. 1, § 8, cl. 3; Railway Labor Act, 29 U.S.C. §§ 151 *et seq.* and/or the Airline Deregulation Act, 49 U.S.C. §§ 40120 *et seq.*, and/or the Federal Aviation Act, 49 U.S.C. §§ 106 *et seq.* and its implementing regulations.

**SECOND AFFIRMATIVE DEFENSE**

Dormant Commerce Clause Preemption

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because the application of California labor & employment law to a national airline like United would violate the Dormant Commerce Clause of the United States and California Constitutions, given that said laws, facially and as applied to this action, would impose an undue burden on interstate commerce that is clearly excessive in relation to the putative local benefits.

**THIRD AFFIRMATIVE DEFENSE**

Failure to State a Cause of Action

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, fail to state facts sufficient to constitute a cause of action against United.

**FOURTH AFFIRMATIVE DEFENSE**

Lawful Exemption

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of each purported class as set forth in the Complaint, or some of

them, are barred in whole or in part by Industrial Welfare Commission Order No. 9-2001, § 1(E).

**FIFTH AFFIRMATIVE DEFENSE**

Statute of Limitations

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, without limitation, the limitations periods prescribed in, *inter alia*, California Business and Professions Code § 17209, California Labor Code § 203, and California Code of Civil Procedure §§ 338, 340, and/or 340.

**SIXTH AFFIRMATIVE DEFENSE**

No Standing

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because Plaintiff lacks standing.

**SEVENTH AFFIRMATIVE DEFENSE**

No Class Action

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, fail to meet the necessary requirements for class certification, including, *inter alia*, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative and/or counsel.

**EIGHTH AFFIRMATIVE DEFENSE**

No Non-Class Representative Action

Any finding of liability pursuant to California Labor Code §§ 2698 *et seq*. on a non-class representative basis, without individualized proof of each alleged violation with regard to each allegedly aggrieved employee, would violate Defendant's rights, including but not limited to those under the United States

Constitution and the California Constitution, because of the complex factual nature of Plaintiff's claims and the lack of factual similarity to other allegedly aggrieved employees.

**NINTH AFFIRMATIVE DEFENSE**

Unconstitutional Action

Allowing a non-class representative action to proceed under the circumstances of this case would violate Defendant's rights under the United States Constitution and the California Constitution.

**TENTH AFFIRMATIVE DEFENSE**

No Private Right of Action

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of each purported class as set forth in the Complaint, or some of them, are barred to the extent they are brought under Section 226.7 of the California Labor Code, as there is no private right of action under said statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

No "Knowing and Intentional" Violations and No Injury

Neither Plaintiff nor any putative class members are entitled to penalties under California Labor Code § 226 because Defendant's behavior was not "knowing and intentional" and/or because no injury was suffered.

**TWELFTH AFFIRMATIVE DEFENSE**

Proper Calculations and Documentation

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because at all relevant times at issue, Defendant properly tracked the hours worked by non-exempt employees, compensated them for hours worked at the appropriate rates pursuant to California law, and documented such compensation in legally sufficient wage statements.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Conduct Reasonable and In Good Faith/Not Willful

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because Defendant has at all times acted in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and California agencies, and on the basis of a good faith and reasonable belief that it had complied fully with California and federal wage and hour laws.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Estoppel

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because Plaintiff and the other allegedly aggrieved employees are estopped by their own conduct from claiming any right to damages or other monetary relief from Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Release

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Accord and Satisfaction, Payment

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Adequate Remedy at Law

Injunctive relief in this matter is inappropriate because Plaintiff and the putative members of the purported class as set forth in the Complaint have an adequate remedy at law and/or the requirements for granting injunctive relief cannot be satisfied. To the extent Plaintiff seeks such relief, any claim by Plaintiff for equitable relief is barred because, to the extent Plaintiff and/or the putative class members are entitled to any remedy, which is not admitted hereby or herein, Plaintiff and/or the putative class members have an adequate remedy at law and/or other requirements for granting injunctive or other equitable relief cannot be satisfied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Waiver

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged, and/or abandoned.

**NINETEENTH AFFIRMATIVE DEFENSE**

Setoff and Recoupment

If any damages have been sustained by Plaintiff, or by any member of the purported class as set forth in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or other allegedly aggrieved employees owed to Defendant against any judgment that may be entered against Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

No Jury Trial

Plaintiff and the putative members of the purported class as set forth in the

Complaint are not entitled to have equitable issues or matters of law tried to a jury, and Plaintiff's demand for a jury trial should be so limited.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Laches

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Unclean Hands

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by Plaintiff's and other allegedly aggrieved employees' unclean hands and/or inequitable or wrongful conduct.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*Res Judicata* and/or Collateral Estoppel

Plaintiff's claims, and each of them, brought on behalf of herself the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel because they have already been adjudicated through the grievance procedures of the applicable collective bargaining agreement(s) and/or other actions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Unjust, Arbitrary, and Confiscatory Penalties

Plaintiff and the putative members of the purported class as set forth in the Complaint are not entitled to recover any civil penalties and/or fines pursuant to Plaintiff's causes of action because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Restitution Only

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part to the extent they seek to receive penalties or other non-restitutionary awards pursuant to California Business & Professions Code.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Due Process

Any award of restitution under Plaintiff's fourth cause of action pursuant to the California Business & Professions Code §§ 17200 *et seq.* would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

No Unfair or Unlawful Practice

Plaintiff's cause of action under California Business & Professions Code §§ 17200 *et seq.* is barred, in whole or in part, because Defendant's alleged practices were not "unfair" or "unlawful," the public was not and would not likely have been deceived by any such alleged practices, Defendant would have gained no competitive advantage by engaging in such alleged practices, and the benefits of the alleged practices outweighed any harm or other impact they might have caused.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Unconstitutional Remedy - California Business & Professions Code

Any finding of liability pursuant to the California Business & Professions Code would violate the Due Process Clauses of the United States and California Constitutions because, *inter alia*, the standards of liability under the Business & Professions Code are unduly vague and ambiguous, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Frivolous Claims

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are "frivolous, unreasonable, or groundless" within the meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) and *Cummings v. Benco Building Services*, 11 Cal. App. 4th 1383 (1992), and accordingly, Defendant should recover all costs and attorneys' fees incurred herein.

**THIRTY AFFIRMATIVE DEFENSE**

*De Minimis* Harm

Plaintiff's claims, and each of them, brought on behalf of herself and the putative members of the purported class as set forth in the Complaint, or some of them, are barred in whole or in part because any time Plaintiff or putative class members worked allegedly without compensation was *de minimis* and not compensable.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

*Failure to Exhaust CBA Remedies*

Plaintiff's claims, brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, are barred in whole or in part because Plaintiff failed to exhaust administrative and/or alternative remedies as required by the collective bargaining agreement.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

*Unjust, Arbitrary and Oppressive, or Confiscatory Penalties*

Plaintiff, and the putative members of the purported class as set forth in the Complaint, are not entitled to recover any civil penalties and/or fines pursuant to Plaintiff's causes of action, because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Attorneys' Fees

Defendant is entitled to recover all costs and attorneys' fees incurred herein under California Labor Code § 218.5.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes and on that basis alleges that Defendant may have additional defenses available, which are not now fully known and of which they are not now aware. Defendant reserves the right to raise and assert such additional defenses once such additional defenses have been ascertained.

**WHEREFORE**, Defendant United Airlines, Inc. prays as follows:

1. That the Complaint and each cause of action therein be dismissed with prejudice;

2. That Plaintiff take nothing by way of the Complaint;

3. That Defendant be awarded costs of suit and attorneys' fees herein; and

4. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: December 17, 2025

O'MELVENY & MYERS LLP
ADAM P. KOHSWEENEY
KATY (YIN YEE) HO

By: /s/ *Adam P. KohSweeney*
Adam P. KohSweeney

Attorneys for Defendant United Airlines, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registered CM/ECF users, and will be served by the CM/ECF system.

Dated: December 17, 2025

*Adam P. KohSweeney*
ADAM P. KOHSWEENEY